793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ABDUL SHAKUR, A/K/A LEONARD M. ARNOLD, Plaintiff-Appellant,
v.
DARRELL D. AKINS, MARTHA B. OLSEN, WILLIAM N. SNODGRASS,
HARLAN MATTHEWS, AND GENTRY CROWELL, Defendants-Appellees.
 84-6057
 United States Court of Appeals, Sixth Circuit.
 5/29/86
 AFFIRMED
 
 1
 M.D.Tenn.
 
 ORDER
 
 2
 Before: MERRITT and JONES, Circuit Judges; and THOMAS, Senior District Judge.*
 
 
 3
 Abdul Shakur is appealing from the October 31, 1984, Order of the district court dismissing this pro se complaint. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Shakur, a prisoner in the Tennessee State Penal System, was convicted in May, 1972, in the Knox County Criminal Court, of armed robbery, and he was sentenced to twenty years imprisonment. He was discharged from the Tennessee State Penitentiary on June 7, 1984, and was released to a detainer filed by Davidson County, Tennessee. On August 10, 1984, Shakur was convicted of possession of a controlled substance for delivery or resale, and was sentenced to a five-year prison term. On November 7, 1984, Shakur entered a guilty plea to one count of escape and was sentenced to a one-year prison term to run consecutively to the five-year sentence. Meanwhile, on May 31, 1984, Shakur brought this civil rights action against five members of the Tennessee Board of Claims alleging that they violated his constitutional rights by unlawfully obstructing his efforts to obtain post-conviction relief. Specifically, Shakur contends that he filed a compensation claim with the Tennessee Board of Claims (pursuant to T.C.A. Secs. 9-8-101 and 9-8-209) in which he sought monetary and other redress for his unlawful conviction and sentence in 1972, and for unlawful deprivation of approximately 1,700 days good conduct sentence credits by the Tennessee Department of Corrections between the years 1975 and 1984. The Board denied Shakur's application on the grounds that (1) it lacked jurisdiction to consider claims other than those of negligence of state employees, and (2) his claim was barred by the one-year statute of limitations contained in T.C.A. Sec. 9-8-207. This action, Shakur contends, deprived him of various remedies to which he was entitled in violation of 42 U.S.C. Secs. 1983 and 1985. Shakur sought $306,600.00 in compensatory damages for the denial of sentence credits, $1,361,100.00 in compensatory damages for obstructing his efforts to obtain post-conviction relief, and $3,000,000.00 in punitive damages. He also sought injunctive relief restraining the defendants from (1) instituting reprisals against him for bringing this lawsuit, and (2) obstructing his rights to avail himself of redresses through compensation claims to the Board of Claims.
 
 
 5
 The district court viewed Shakur's complaint as a challenge to the 'constitutionality of his state court conviction, which has resulted in his confinement', and dismissed the complaint as one sounding in habeas corpus which required exhaustion of state court remedies under Preiser v. Rodriquez, 411 U.S. 475 (1973). However, a review of Shakur's complaint, amended complaints, and his arguments made to this Court reveal that this case does not come within Preiser v. Rodriquez, 411 U.S. 475 (1973). In the district court, Shakur was not attacking the fact or duration of the sentence he is currently serving; neither was he seeking immediate or speedier release from his imprisonment. Rather, Shakur was complaining about, and was seeking 4.6 million dollars for, the alleged illegality of his 1972 conviction (which he is no longer serving), and the alleged unjust withholding of his sentence credits by the Tennessee Department of Corrections. Shakur specifically argues to this Court that his sole allegation before the district court was that the Board of Claims deprived him of equal protection and due process of law by failing to provide him a full and fair determination of his claim for money damages as authorized under Tennessee law (T.C.A. Sec. 9-8-209). He further clarifies his complaint by stating (1) that he made no request for redress on the basis of the deprivation of good time credits (apparently meaning that he did not seek to have those 'credits' restored and applied to his current sentence), and (2) that his request for injunctive relief was limited solely to a request that the appellees be enjoined from instituting reprisals against him for bringing this lawsuit. Thus it seems clear that Shakur intended to sue the members of the Tennessee Board of Claims for money damages for their alleged deprivation of his constitutional rights when they denied his application for compensation, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Secs. 1983 and 1985. Nonetheless, the district court's order can be affirmed on any ground showing that the decision is correct. Brown v. Allen, 344 U.S. 443, 459 (1953); City of Cleveland v. Cleveland Illuminating Co., 570 F.2d 123, 128 (6th Cir. 1978).
 
 
 6
 The complaint in this case should have been dismissed for failure to state a claim upon which relief could be granted. It is well settled that pro se complaints are held to 'less stringent standards than formal pleadings drafted by lawyers,' Haines v. Kerner, 404 U.S. 519, 520 (1972), and they should not be dismissed for failure to state a claim 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Shakur contends that he was deprived of good conduct sentence credits between the years 1975 and 1984. He alleges no facts to show that he ever earned sentence credits; neither does he allege facts to support his claim that he was deprived of those credits. Rather, it appears that Shakur is seeking compensation for the years that he spent in prison. He further contends that the Tennessee Board of Claims violated his constitutional rights by obstructing his efforts to obtain post-conviction relief--i.e., by refusing to compensate him for his years of imprisonment. Taking all of the allegations in Shakur's amended complaint as true, and construing the complaint most liberally in his favor (Westlake v. Lucas, 537 F.2d 857 (6th Cir. 1976)), there appears to be no set of facts which would entitle him to relief in this case.
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas Senior District Judge of the United States District Court for the Northern District of Ohio, sitting by designation